UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ORUCH LOWENBEIN on behalf of himself and
all others similarly situated,
                               Plaintiff,

-against-

ARS NATIONAL SERVICES, INC.,

                               Defendant.

Civil Action No.: 11-CV-1589 (KAM)

**ANSWER**

---

Defendant ARS National Services, Inc., having its principal place of business at 270 West 2nd Avenue, Escondido, California 92025, by way of its Answer to the Complaint of plaintiff Oruch Lowenbein on behalf of himself and all others similarly situated, says:

### CLASS ACTION COMPLAINT

### Introduction

1. Defendant admits that Plaintiff purports to bring a Complaint for violation of the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff has a valid basis for doing so as Defendant did not violate the FDCPA.

### Parties

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. The allegations set forth in paragraph 3 of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint, except admits that it sought to collect a debt from Plaintiff.

4. Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint, but admits that it sometimes collects debts.

6. The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegation set forth in paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. Defendant denies a basis for any action under the FDCPA, except admits that the Court has jurisdiction over this action, pursuant to 18 U.S.C. 1331 and 15 U.S.C. 1692, et seq., to the extent that the Complaint purports to assert claims for violations of the FDCPA.

8. Defendant admits that venue is proper in this District.

## Allegations Particular to Oruch Lowenbein

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint, although admit that messages were left for Plaintiff on those dates.

10. Defendant denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and leaves Plaintiff to his proofs.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and leaves Plaintiff to his proofs.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies the allegations se4t forth in paragraph 14 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of himself and the members of a class, as against the defendant.

15. Defendant repeats and realleges its responses to the allegations in paragraphs 1-14 of the Complaint as if set forth at length herein.

16. Defendant admits that the Complaint purports to be on behalf of Plaintiff and the members of a class as alleged in paragraph 16 of the Complaint, but it denies taking any action in violation of the FDCPA.

17. Defendant admits that the Complaint seeks to identify a purported Class as alleged in paragraph 17 of the Complaint, but it denies taking any action in violation of the FDCPA.

18. Defendant admits that the Complaint seeks to identify a purported Class as alleged in paragraph 18 of the Complaint, but it denies taking any action in violation of the FDCPA.

19. Defendant admits that the Complaint seeks to identify a purported sub-class as alleged in paragraph 19 of the Complaint, but it denies taking any action in violation of the FDCPA.

20. The allegations set forth in paragraph 20(A) through (E) of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 20(A) through (E) of the Complaint.

21. The allegations set forth in paragraph 21 of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. The allegations set forth in paragraph 22 of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. The allegations set forth in paragraph 23 of the Complaint are legal conclusions to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 23 of the Complaint.

**Violations of the Fair Debt Collection Practices Act**

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act brought by plaintiff**

26. Defendant repeats and realleges its responses to the allegations in paragraphs 1-25 of the Complaint as if set forth at length herein.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint, noting that Plaintiff does not identify a telephone number Defendant was alleged to have called. Moreover, because calls were only made to landlines, and not cellular telephones, no "express consent" was required for Defendant to call Plaintiff at those telephone numbers.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

4

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint, noting that Plaintiff does not identify a telephone number Defendant was alleged to have called, and noting that Defendant did not make any telephone calls to cellular telephone numbers.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint, and denies that Plaintiff is entitled to any damages as Defendant did not place any telephone calls to a cellular telephone number and thus did not violate the TCPA.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint as Defendant did not make any telephone calls to a cellular telephone number and therefore did not violate the TCPA.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

### Violations of the Telephone Communications Privacy Act

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint, as it did not violate the TCPA, intentionally or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant has no civil liability under the FDCPA, as any violation was an unintentional bona fide error and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

## THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff, if any, were not legally caused by Defendant, but instead were legally caused by intervening and/or superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, as a result of Plaintiff's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant did not breach any legal duty to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to rely upon the information provided, or not provided, to it by the creditor.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate representative of the purported class because the facts and circumstances of each potential class member are vastly different.

## TENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because individual questions of law predominant over any issues common to the putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because this case involves disparate issues that would not be manageable in a class action.

## TWELVTH AFFIRMATIVE DEFENSE

Class certification is inappropriate because Plaintiff has failed to allege facts to demonstrate that he will adequately represent the interests of the potential class members.

WHEREFORE, defendant ARS National Services, Inc. demands judgment in its favor and against plaintiff Oruch Lowenbein, on behalf of himself and all others similarly situated, dismissing the Complaint with prejudice and awarding Defendant costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:   June 14, 2011          THE SALVO LAW FIRM, P.C.

By:  /s/ Cindy D. Salvo
     CINDY D. SALVO (CS 8533)
165 Passaic Avenue, Suite 310
Fairfield, New Jersey 07004
(973) 233-4080

Attorneys for Defendant, ARS National Services, Inc.